**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Patricia Owens, ) | No. CV-06-1349-PHX-DGC |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Linda S. McMahon, Acting ) Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

Pending before the Court are Plaintiff's motion for summary judgment and Defendant's cross-motion for summary judgment. Dkt. ##10, 16. The parties have filed responses to the motions. Dkt. ##15, 19. As explained below, the Court will deny Plaintiff's motion and grant Defendant's cross-motion.

**I.    Background.**

Plaintiff applied for disability insurance benefits and supplemental security income on November 19, 2000, claiming a disability onset date of January 29, 2000 due to back pain and vision problems. Dkt. #8, Tr. 60-62. The application was denied initially and on reconsideration. Tr. 29-30. A hearing before an Administrative Law Judge ("ALJ") was held on July 12, 2004. Tr. 230-63. The ALJ issued a written decision on August 27, 2004. Tr. 17-26. The ALJ concluded that Plaintiff was disabled from the onset date through July 27, 2001, that Plaintiff was able to perform a limited range of light work from July 28, 2001 through December 10, 2003, and that thereafter Plaintiff was disabled due to her vision problems. *Id.* The ALJ's decision became Defendant's final decision when the

1 Appeals Council denied review on April 19, 2006.  Tr. 8-10.  Plaintiff then commenced this
2 action for judicial review pursuant to 42 U.S.C. § 405(g).  Dkt. #1.

3 **II.     Standard of Review.**

4 Defendant's decision to deny benefits will be vacated "only if it is not supported by
5 substantial evidence or is based on legal error."  *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880,
6 882 (9th Cir. 2006).  "'Substantial evidence' means more than a mere scintilla, but less than
7 a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate
8 to support a conclusion."  *Id.*  In determining whether the decision is supported by substantial
9 evidence, the Court must consider the record as a whole, weighing both the evidence that
10 supports the decision and the evidence that detracts from it.  *See Reddick v. Charter*, 157
11 F.3d 715, 720 (9th Cir. 1998).

12 **III.    Analysis.**

13 The ALJ found that Plaintiff had severe degenerative disc disease and acute zonal
14 outer retinitis and that these impairments rendered her disabled through July 27, 2001.
15 Tr. 24-25, ¶¶ 3 & 6.  The ALJ further found that Plaintiff's condition had improved and that
16 she had the residual functional capacity to perform a limited range of light duty work from
17 July 28, 2001 through December 10, 2003.  Tr. 25 ¶ 6.  This finding was based in part on the
18 July 27, 2001 opinion of Plaintiff's treating physician, Michael Winer, that Plaintiff was able
19 to perform light duty work.  Tr. 21 (citing Tr. 162-63).

20 Following an office visit on May 30, 2001, Dr. Winer "released [Plaintiff] with light
21 restrictions of five pounds maximum lifting with no repetitive bending or stooping, four
22 hours per day."  Tr. 162.  On July 27, 2001, Dr. Winer noted that Plaintiff had been "released
23 with light duty restrictions as of her 5/30/01 office visit."  *Id.*  Dr. Winer opined that Plaintiff
24 remained on "light duty restrictions with lifting limited to five pounds, no continuous or
25 repetitive lifting, bending, or stooping, and she [was] to change positions frequently."
26 Tr. 163.

27 Plaintiff argues that the ALJ erred in concluding that Plaintiff's condition had
28 improved and that she was able perform light duty work as of July 28, 2001. Dkt. #12 at 4-5.

Specifically, Plaintiff contends that the ALJ erred in relying on Dr. Winer's July 27, 2001 opinion because that opinion incorporated the restriction set forth in Dr. Winer's June 1, 2001 treatment note that Plaintiff was able to work only four hours per day. *Id.*; *see* Tr. 162-63. Defendant argues that the ALJ did not err and that his decision is supported by substantial evidence. Dkt. #16.

The Court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation." *Andrews v. Shalala*, 53 F.3d 1035, 1039-40 (9th Cir. 1995). In this case, the ALJ's interpretation of Dr. Winer's July 27, 2001 treatment note was rational. Nowhere in the note does Dr. Winer opine that Plaintiff was limited to light duty work for only four hours per day. Tr. 162-63. Rather, it specifically states – without time limitations – that Plaintiff was able to perform light duty work. Tr. 163.

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews*, 53 F.3d at 1039. The Court may not "substitute its own determination of what the evidence shows for the ALJ's if there is sufficient evidence to support the ALJ's outcome." *Young v. Sullivan*, 911 F.2d 180, 184 (9th Cir. 1990); *see* 42 U.S.C. § 405(g) (stating that the "findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive"). Having considered the entire record in this case, the Court concludes that the ALJ's decision is supported by substantial evidence and is not based on legal error. The Court accordingly will grant summary judgment in Defendant's favor.

**IT IS ORDERED:**

1. Plaintiff's motion for summary judgment (Dkt. #10) is **denied**.

2. Defendant's cross-motion for summary judgment (Dkt. #16) is **granted**.

3. Defendant's administrative decision is **affirmed**.

4. The Clerk shall **terminate** this action.

DATED this 10th day of May, 2007.

David G. Campbell
United States District Judge